## HOSKINS vs. RHODES.—*December,* 1829.

G, a *feme sole,* contracted with the plaintiff to let him sow a field in grain, and he agreed to give her one third of all the grain raised, as *rent.* The plaintiff went upon and sowed the field in rye. The defendant, who after the making the contract, intermarried with G, entered upon the field, refused the plaintiff permission to cut the crop, and afterwards cut it himself and carried it away. In an action of trover for the value of the rye, it was held that the contract between G and the plaintiff, clearly constituted them landlady and tenant; and that the plaintiff was entitled to recover.

The reservation of rent *eo nomine* necessarily constitutes a lease.

APPEAL from *Frederick* County Court. This was an action of trover, brought by the appellee (the plaintiff below) to recover the value of two hundred bushels of rye. The general issue was pleaded.

At the trial the plaintiff offered in evidence the following lease from *Violetta Gwinn* to *Samuel Wiles,* viz:

"Articles of agreement made, concluded, and agreed upon this the 4th day of March, 1820, between *Samuel Wiles,* of *Frederick* county, in the State of *Maryland* of the one part, and *Violetta Gwinn* of the other part of the said county and State as above mentioned, to wit: The said *Samuel Wiles,* for the consideration hereafter mentioned, hath agreed, and hereby covenants and agrees to build the following buildings, to wit: one dwelling house, one stable, one corn house and spring house, and to keep the fences in good repair. The said *Violetta Gwinn,* for the above consideration, rents to the said *Wiles* her part of a tract of land, formerly occupied by *Joseph Gwinn,* late of *Frederick* county, deceased, for which she insures him three years quiet and peaceable possession for the term of three years rent free, the first year to commence on the first of April, 1820. For and to the true and faithful performance of the foregoing covenants and agreements, the said parties do hereby bind themselves to each other and their respective heirs, executors and administrators in the sum of $600 dollars," &c.

The plaintiff then proved that sometime in the year 1822, he called upon *Violetta Gwinn,* she being a *feme sole,* and

contracted with her to sow a field of ten acres of land, part of the farm leased to *Samuel Wiles*, in grain, and to give to *Violetta Gwinn* one third of all the grain raised upon said field as rent. That in pursuance of said contract the plaintiff went upon and sowed said field in rye—That in the month of July, 1823, the defendant, who had after the contract aforesaid, intermarried with *Violetta Gwinn*, entered upon said field and cut and carried away said crop. That the plaintiff had previously applied to the defendant, who had gone into the possession of the farm mentioned in the lease to *Samuel Wiles*, for permission to cut said crop, which the defendant refused, stating that he would cut the crop himself. The plaintiff further offered in evidence, that at the time of the contract aforesaid, *Violetta Gwinn* agreed that the plaintiff should hold said farm for three years after the expiration of the lease to *Samuel Wiles*. The defendant then proved that in the spring of 1823, the plaintiff and defendant agreed that that part of the lease which was to run from the 4th of March, 1823, should be abandoned, and that the defendant never went into possession of any other part of said farm, except the ten acre field aforesaid. The plaintiff then proved by *Samuel Wiles*, party to said lease, that in the fall of 1822, said *Wiles* agreed to let to the plaintiff the ten acre field aforesaid, to be sowed in grain, one third of which, raised upon said field, was to be delivered to the said *Wiles* in the shock. The plaintiff further proved by a witness, that he heard the defendant say that he would stand by his wife's contracts; and that the plaintiff might cut the grain growing upon the said ten acre field. The defendant then prayed the court to instruct the jury that upon the evidence offered, the plaintiff was not entitled to recover. Which instruction the court [T. Buchanan, A. J.] refused to give; but on the contrary thereof, gave their opinion to the jury that the plaintiff was entitled to recover. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before Buchanan, Ch. J., and Earle, Martin, Stephen and Archer, J.

*Nelson* for the appellant, contended,

1. That the lease of the land to *Wiles*, being for a term certain, and to expire on a day certain, the landlord was entitled to the possession of the whole, on the 1st of April, 1823. That the crops growing on said farm, after that day, were the property of the landlord, no reservation having been made by the tenant, of a right to take away said crops, after the determination of the lease. That of consequence, the agreement between the tenant (*Wiles*) and the appellee, could avail nothing to the prejudice of the rights of the appellant. The tenant (*Wiles*) could transfer to the appellee, no other or greater interest, than he held himself, in the premises leased—2 *Blk. Com.* 145. 1 *Thomas Coke, Litt.* 633.

2. That by the agreement with Miss *Gwinn*, the appellee acquired no such exclusive interest in the growing crop, as to enable him to maintain the action. Because the letting of the ten acre field upon shares, *for a single crop*, was no lease of the land; and the possession, in point of law and fact, remained with the landlord. And with reference to said crop, the appellant and appellee, were tenants in common, having therein undivided interests. *Hare vs. Celley, Cro. Eliz.* 143. And because there was in proof, nothing to shew a destruction of the property, (which is indispensable, at the time of the suit brought,) which alone would enable one tenant in common, to maintain trover against his co-tenant. *Heath vs. Hubbard*, 4 *East.* 110, 121. *Wilbraham vs. Snow*, 2 *Saund.* 47, f. g. (*note* 1.) *Buller's N. P.* 34. 1 *Chitty's Plead.* 66. With regard to the three years lease, of which, there is proof of an agreement between the appellee and the wife of the appellant, it is only necessary to say, that it was *abandoned*, and that no possession of the property in question, passed to the appellee under it. The defendant does not contend, that under the circumstances disclosed, the appellee was not entitled to his portion of the crop, and that he might not have recovered the value thereof in a different form of action, or even in the action of trover could he have shown a destruction of the property. He insists, however, that of the crops in question, the appellant and appellee, were tenants

in common, and that the cutting and carrying it away, did not constitute such a conversion of the property, as to enable the appellee to maintain his action of trover.

*Thomas,* for the appellee, insisted that the parties were not tenants in common, under the contract as proved and set forth in defendant's bill of exception. *Buller's N. P.* 85, and the case there cited, *Welch vs. Hall. Weems vs. Stallings,* 2 *Harr. & Johns.* 365. If the plaintiff and defendant are to be considered as tenants in common of the grain in question; yet it is contended that the opinion of the court below, was right: because, there was an actual conversion and destruction in law, of the common property by the defendant, who seized the whole grain, claimed it as his own, and denied the title of the plaintiff. *Doe vs. Prosser,* 1 *Cowper's Reports,* 218. At all events, whether the acts of the defendant amounted to a destruction of the common property, is a question which the court below rightly should have left to the determination of the jury. *Barnardiston vs. Chapman and Smith, Bull. N. P.* 35.

The case relied on by the counsel for the appellant, *Hare vs. Celley, Croke Eliz.* 143, is not in point, and if parallel, is not law in this State.

1. Because, in that case, *Hare,* the tenant in fee, never *parted with possession,* of consequence the plaintiffs did not stand in relation of landlord and tenant. In this case, the appellee had *exclusive* possession by contract, with *Wiles,* with Miss *Gwinn,* and with the defendant himself. In that case *Hare* furnished a part of the seed grain, aided in manuring and sowing the land. In this case no such labour in common, and possession in common, existed between the plaintiff and defendant—Moreover the relation of landlord and tenant is *expressly* created by the contract, that one third of the grain should be delivered by the plaintiff, to Miss *Gwinn, as rent.*

2. The case from *Croke* is not law in this State, having been virtually overruled by the case of *Weems vs. Stallings,* 2 *Harr. & Johns.* 365. No reliance should be placed on the case of *Bradish vs. Schenck,* 8 *Johns. Rep.* 152—the only authority relied on there being the case already referred to in *Cro. Eliz.*

which is not applicable to this case, and is not sustained by reference to any known authority in the law.

MARTIN, J. delivered the opinion of the court.

The contract between Miss *Gwinn* and *Rhodes* for the ten acre field, clearly constituted them landlady and tenant. He was to make a crop, and give her one third of it *for rent*.

The case of *Hare* and others against *Celley*, reported in *Cro. Eliz.* 143, is very different from that presented by this record. In the reported case the contract was, that *Hare,* the owner of the soil, should find one half of the seed, and the other half to be supplied by the three persons who were to manure and cultivate the land, and the crop to be divided between them. The court said this being for only one crop, it was not a lease. In the case now to be decided, there is nothing for legal construction. The agreement is explicit, that one third of the crop should be paid *as rent*, and the reservation of rent *eo nomine*, necessarily constitutes a lease—*Rhodes* was the tenant of Miss *Gwinn* by express contract, and it is immaterial whether the rent was to be paid in money, or to depend on the amount of the profits of the land. 2 *Wheat's Selwyn*, 1017, *note 2. Bull. N. P.* 85.

JUDGMENT AFFIRMED WITH COSTS.